TERRI F. LOVE, Judge.
|,K.M. appeals the judgment of the Juvenile Court for the Parish of Orleans, adjudicating K.M. delinquent on the charge of illegal carrying of a weapon. We find no error in the juvenile court’s adjudication of K.M. delinquent. We find no error in the trial court’s denial of the motion to dismiss. We further find that the motion to suppress was properly denied, as the police officer had reasonable suspicion that K.M. was trespassing on school property and had authority to seize the knife pursuant to the plain view doctrine and affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY:
On November 13, 2009, K.M. was charged by delinquency petition with violating one count of La. R.S. 14:95, relative to the illegal carrying of a weapon. K.M. denied the charge and appeared for an adjudication hearing on January 27, 2010.
Prior to hearing the merits, the trial court denied KM.’s motion to dismiss, which was based on the assertion that La. R.S. 14:95 is unconstitutional on its face. Proceeding with the merits, the trial court heard testimony from the arresting officer, Sergeant Mark Joseph. Sgt. Joseph testified that on November 6, 2009, at approximately 3:40 p.m., he was working a paid security detail for O. Perry 12Walker High School, a position he held for over two years. Sgt. Joseph stated that he observed K.M. and two other females outside of the school in the “common area” between O. Perry Walker and Delgado Community College, which is also the dismissal area for the O. Perry Walker students. He explained that some of the area belongs to Delgado and some to O. Perry Walker, but that K.M. was on 0. Perry Walker property. When questioned further regarding K.M.’s exact location, Sgt. Joseph stated that he observed K.M. and the two females walk from the Delgado parking lot onto 0. Perry Walker property.
Sgt. Joseph stated that he approached the three females because they were not wearing a school uniform. He explained that it was customary practice that students who are not in 0. Perry Walker uniforms are not allowed on campus. Sgt. Joseph inquired why the females were there; they stated they were waiting on an 0. Perry Walker student. Sgt. Joseph asked for identification; the other two females produced identification, but K.M. claimed she did not have proof of identification. At that time, K.M. voluntarily opened her purse (apparently to show Sgt. Joseph that she did not have identification), revealing a knife. Sgt. Joseph explained that he was standing within an arm’s reach of K.M. and could see right into her purse. Sgt. Joseph took possession of the knife, which had a reddish-brown substance on the blade, and placed K.M. under arrest. Sgt. Joseph stated that K.M. had possession of the purse, which he described as a large shoulder bag, the entire time he observed her. At trial, Sgt. Joseph made a positive identification of K.M. and the knife.
Kevin Comeaux, Dean of Students at 0. Perry Walker, was called to testify on behalf of K.M. Mr. Comeaux testified that he was not present when Sgt. Joseph initially stopped K.M. Consequently, he could not say whether K.M. was on 0, | ¡.Perry Walker property or Delgado property at the time. Mr. Comeaux could only con *463 firm that he saw a police squad car in the Delgado parking lot when he came on the scene.
Following the testimony, the trial court denied KM.’s motion to suppress physical evidence, i.e., the knife, and adjudicated K.M. guilty as charged. On February 24, 2010, K.M. was committed to the Department of Public Safety and Corrections for a period of time not to exceed six months. The sentence was suspended, and K.M. was placed on inactive probation for six months. K.M.’s timely appeal followed.
On appeal, K.M. asserts three assignments of error: 1) The trial court erred in denying KM.’s motion to dismiss, which asserted that La. R.S. 14:95 is unconstitutional on its face; 2) The trial court erred in adjudicating K.M. delinquent absent proof beyond a reasonable doubt; and 3) The trial court erred in denying K.M.’s motion to suppress physical evidence.
MOTION TO DISMISS
La. R.S. 14:95(A) lists five circumstances meeting the definition of illegal carrying of a weapon. The circumstance applicable to this case is set forth in La. R.S. 14:95(A)(1), which includes the definition of illegal carrying of a weapon as “[t]he intentional concealment of any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, on one’s person.”
K.M. argues that the statute, as written and as applied to K.M., is unconstitutional because it allows proof of the criminal intent element by preponderance, rather than beyond reasonable doubt. More specifically, K.M. maintains that the statute would allow a conviction on a mere showing that K.M. probably intended to use the knife as a dangerous weapon rather than that she | intended beyond a reasonable doubt to use the knife as a dangerous weapon. We find no merit in this assignment of error.
As a general rule, statutes are presumed to be constitutional; therefore, the party challenging the validity of a statute has the burden of proving its unconstitutionality. City of New Orleans v. Louisiana Assessors’ Retirement and Relief Fund, 2005-2548, (La.10/1/07), 986 So.2d 1. In the present case, K.M. has offered no such proof. The fact that La. R.S. 14:95 contains the language “intended for probable use as a dangerous weapon” does not diminish the requirement that the State prove all elements of the charged offense beyond a reasonable doubt. Accordingly, and considering the discretion afforded the trial court in dismissing matters for good cause under La. Ch.C. art. 876, we find no error in the trial court’s denial of the motion to dismiss.
ADJUDICATION OF DELINQUENT
The State’s burden of proof in a juvenile delinquency proceeding, just as in a criminal proceeding against an adult, is to prove every element of the offense alleged beyond a reasonable doubt. State in the Interest of W.B., 2008-1458, (La.App. 4 Cir. 4/22/09), 11 So.3d 60, 61; La. Ch.C. art. 883. Likewise, in juvenile proceedings the appellate court grants deference to the trier-of-fact that observed the demeanor of the witnesses and was in the best position to determine credibility and the weight to be given the evidence. State in Interest of J.N., 2007-1229 (La.App. 4 Cir. 5/7/08), 984 So.2d 910.
In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d *464 560 (1979). The Jackson standard has been held to be the clear standard of review for Louisiana appellate courts by the Louisiana Supreme Court. State v. Brown, 2003-0897 (La.4/12/05), 907 So.2d 1. It specifically requires that the appellate court must determine that the evidence was sufficient to convince a rational trier of fact “that all of the elements of the crime had been proved beyond a reasonable doubt.” State v. Neal, 2000-0674, p. 9 (La.6/29/01), 796 So.2d 649, 657, citing State v. Captville, 448 So.2d 676, 678 (La.1984). This standard of review is applicable to juvenile delinquency cases. State in the Interest of T.E., 2000-1810 (La-App. 4 Cir. 4/11/01), 787 So.2d 414.
La. R.S. 14:95 provides, in pertinent part:
A. Illegal carrying of weapons is:
(1) The intentional concealment of any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, on one’s person.
La. R.S. 14:2(3) defines “dangerous weapon” as “any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm.” The tei'm “dangerous weapon” is not limited to those instrumentalities which are inherently dangerous, but includes any instrumentality which in the manner used, is calculated or likely to produce death or great bodily harm. State v. Bonier, 367 So.2d 824, 826 (La.1979); See also State in the Interest of Ruschel, 411 So.2d 1216 (La.App. 4 Cir.1982); State v. Ragas, 2007-3 (La.App. 5 Cir. 5/15/07), 960 So.2d 266. Moreover, it is well established that the “dangerousness” of the instrumentality by reason of the manner in which it is used is a question for the trier of fact. Bonier, 367 So.2d at 826, citing State v. Murff, 215 La. 40, 39 So.2d 817, 823 (1949).
In State v. Fluker, 311 So.2d 863, 866 (La.1975), the. Louisiana Supreme Court enunciated the appropriate test to be applied in prosecutions for illegal carrying of weapons, that is, “under the facts and circumstances of the case as disclosed by the evidence, the manner in which defendant carried the weapon evinced an intent to conceal its identity.”
Sgt. Joseph asked KM. for identification. After K.M. stated that she did not have identification, she voluntarily opened her large purse and revealed a knife. Sgt. Joseph testified that he could see into her purse, and he took possession of the knife and placed K.M. under arrest. We find that the trial court was presented sufficient evidence to find that the manner in which K.M. carried the knife in her purse evinced intent to conceal the knife’s identity-
Under the circumstances presented in the case sub judice, we find no error in the trial court’s determination that the knife in KM.’s possession was considered a dangerous weapon.
MOTION TO SUPPRESS
Trial courts are vested with great discretion when ruling on motions to suppress. Consequently, the ruling of a trial judge on a motion to suppress will not be disturbed absent an abuse of that discretion. State v. Long, 2003-2592 (La.9/9/04), 884 So.2d 1176.
The right of law enforcement officers to stop and question a person where there is reasonable suspicion to believe that the person is committing, has committed or is about to commit a crime was established in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). See State v. Atkins, 2005-0823 (La.App. 5 Cir. 3/14/06), 926 So.2d 591. The requirements for a valid Terry stop and for any search *465 incident to the stop was codified in La. C.Cr.P. art. 215.1(A), which |7provides in pertinent part: “A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.”
The Fourth Amendment to the U.S. Constitution and La. Const, art. I, § 5 protect individuals from unreasonable searches and seizures. A search conducted without a warrant is per se unreasonable unless justified by one of the specifically established exceptions. Schneckloth v. Bustamante, 412 U.S. 218, 219, 93 S.Ct. 2041, 2048, 36 L.Ed.2d 854 (1973); Coolidge v. New Hampshire, 403 U.S. 443, 454-55, 91 S.Ct. 2022, 2032, 29 L.Ed.2d 564 (1971).
The plain view doctrine is an exception to the rule that a search and seizure conducted without a warrant is presumed unreasonable. See Coolidge, 403 U.S. at 465, 91 S.Ct. at 2037. Seizure of evidence under the plain view doctrine is permissible when: (1) there is prior justification for an intrusion into the protected area; and (2) it is immediately apparent without close inspection that the items are evidence or contraband. Horton v. California, 496 U.S. 128, 135-136, 110 S.Ct. 2301, 2307, 110 L.Ed.2d 112 (1990); See also State v. Leger, 2005-0011 (La.7/10/06), 936 So.2d 108.
In the instant case, Sgt. Joseph was justified in approaching K.M., considering the evidence that K.M. was on O. Perry Walker property and was not wearing a school uniform. We find that Sgt. Joseph had reasonable suspicion that K.M. was trespassing on school property. Moreover, based on Sgt. Joseph’s testimony, which was accepted as credible by the trial court, the knife was immediately apparent when K.M. voluntarily opened her purse. Thus, we find that |sSgt. Joseph had authority to seize the knife pursuant to the plain view doctrine, and the motion to suppress was properly denied.
DECREE
For the foregoing reasons, K.M.’s adjudication is affirmed
AFFIRMED
ARMSTRONG, C.J., Concurs in the Result.
BONIN, J. Concurs with Reasons.