*193
 
 TERRI F. LOVE, Judge.
 

 h L.A.
 
 [1]
 
 appeals the Orleans Parish Juvenile Court judgment that adjudicated him delinquent for battery of a school teacher relative to La. R.S. 14:38.2. We find that the petition for adjudication gave the juvenile adequate notice of the charged offense so as to not deprive him of due process and that the evidence was sufficient to support the adjudication. Accordingly, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 L.A. was charged by delinquency petition with one count of assault on a school teacher, a violation of La. R.S. 14:38.2. He denied the charge and the matter proceeded to trial on June 23, 2011.
 

 At the delinquency hearing, Kayla August, a teacher’s assistant at Sci-Tech Academy, the school L.A. attended at the time of this incident, testified that she and another teacher’s assistant, Katie Crisona, saw L.A. chase a female student into the school building. Ms. August and Ms. Cri-sona told L.A. that he could not enter the building. The women locked arms to prevent him from entering; |2however, L.A. pushed through their arms in an effort to get to the female student. At this point, Mizell Fisher, the victim/teacher, intervened. Ms. August stated that Mr. Fisher held L.A. down. She observed that L.A. tried to fight back because he did not want anyone to hold him down. Eventually, Mr. Fisher was able to get L.A. out of the annex. Ms. August said she heard L.A. mumble something when he was walking away, but she could not make out what was said.
 

 The other teacher’s assistant, Ms. Criso-na, verified that Ms. August and she told L.A. to leave the building several times. He ignored them. L.A. then grabbed Ms. Crisona’s arm to get through them. Ultimately, Mr. Fisher came in and pulled L.A. out of the building. Ms. Crisona said that words were exchanged on both sides, but she does not remember what was said. She thinks L.A. and Mr. Fisher may have used profanities.
 

 Officer Johnnie Harper, Jr. said he investigated a disturbance at the school. He spoke with the gym teacher who actually filed the complaint. Based on his investigation, L.A. was arrested for disturbing the peace by verbal threats. Officer Harper recalled that threats were made against the gym teacher. Officer Harper testified that the two female teacher-trainees corroborated what he learned from the gym teacher. However, he admitted on cross-examination that his written report did not contain corroboration from the female teacher-trainees about threats.
 

 Mizell Fisher, the teacher/victim, worked as the physical education teacher at the school. He testified that he witnessed L.A. chase another female student into a school building, screaming profanities at her. He saw L.A. attempt to bull-dozejjhis way through the female teacher assistants in order to get into the building. He stepped in and asked L.A. to come away from the door. L.A. did not leave and instead, yelled profanities at Mr. Fisher. Mr. Fisher said that L.A. told him to leave him alone and to not put his f.. .king hands on him. Mr. Fisher explained that school protocol allows teachers to physically remove a student if the student is perceived as a threat to others or himself. Because L.A. would not leave the building, Mr. Fisher grabbed his arm to escort him out of the building. He denied that he hit L.A. After he removed L.A. from the building, L.A. said he was going to get Mr.
 
 *194
 
 Fisher. Mr. Fisher testified that L.A. threatened to shoot him and to kill him. Mr. Fisher asserted that he feared that L.A. would follow through on these threats.
 

 At the conclusion of the adjudication hearing, the juvenile court judge found L.A. delinquent and sentenced him to six months at the Department of Safety and Corrections. The court suspended the sentence and placed L.A. on active probation for one year. This appeal followed.
 

 DISCUSSION
 

 ASSIGNMENT OF ERROR NO. 1
 

 L.A.’s first assignment argues that the juvenile court erred when it adjudicated L.A. delinquent of assault on a school teacher based upon finding that L.A. made statements threatening harm to a school teacher when the charging ^petition did not allege those grounds. In support, L.A. cites the state’s petition that charged L.A. was a delinquent child in that he violated:
 

 Count 01: La. R.S. 14:38.2 relative to Assault on a School Teacher, to wit: an attempt to commit a battery upon a school teacher, Mizell Fisher, or the intentional placing of another in reasonable apprehension of receiving [sic] a battery, when the offender had reasonable grounds to believe the victim was a school teacher acting in the performance of his duties on March 1, 2011 at approx. 1:44 pm at 820 Jackson Street.
 

 However, L.A. points out that R.S. 14:38.2 also defines assault on a school teacher as making statements threatening physical harm to a school teacher and that this “making threatening statements” definition was not directly referenced in his charging petition. He alleges that the trial court specifically adjudicated him a delinquent for making threatening statements. L.A. reasons that because the petition did not give him notice that he was accused of violating R.S. 14:38.2 by making statements threatening physical harm, the juvenile court violated his right under due process of law to be informed of the nature and cause of the accusation against him. He claims his defense was prejudiced by this lack of notice. Therefore, his adjudication was in error.
 

 The statutory requirements for a charging document as outlined in La. C. Cr. P. art. 464 states:
 

 The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.
 

 | sLa. Ch.C. art. 845(A)(3)(4) provides in part that the contents of the petition shall include facts which show the child is delinquent and the statute or ordinance which the child is alleged to have violated.
 

 In the present matter, we conclude that the charging petition met the statutory requirements of La.C.Cr.P. art. 464 and La. Ch.C. art. 854(A)(3)(4). It cited the statute violated and provided L.A. with sufficient facts of the underlying offense. The petition notified L.A. that he was charged with violation of La. R.S. 14:38.2, relative to assault of a school teacher, Mr. Fisher, and advised L.A. of the date, time, and place of the alleged offense.
 

 Even if this court accepts L.A.’s contention that the charging petition was defective because it did not notify him that the assault violation was premised on making statements threatening physical harm, we find this was harmless error. The assignment of error fails because L.A. does not demonstrate that he was prejudiced by
 
 *195
 
 this alleged lack of notice. He presents no evidence to show how his defense was adversely affected or would have been substantially different had the “making threats” language been included in the charging petition. To the contrary, the record establishes that L.A. defended against claims that he assaulted the teacher by threatening physical harm. It shows that his counsel cross-examined witnesses as to whether L.A. made verbal threats. L.A.’s brief also acknowledges that the trial court considered his defenses that any alleged threatening statements were protected free speech and that the statements did not rise to the level to constitute a threat of receiving a battery. The record suggests that counsel knew to raise these defenses because L.A.’s initial arrest was for Disturbing the Peace by making threats. Therefore, it is somewhat disingenuous for L.A. to argue that he | r,lacked notice that his statements to the teacher may have constituted a part of the assault charge.
 

 We also do not accept L.A.’s underlying claim that the juvenile court judge based her adjudication solely on the “making threats” portion of the statute and that he was thereby prejudiced. This claim is not supported by the record. Instead, the record reveals that the trial judge read the entire provisions of La. R.S. 14:38.2 into the record and said “[b]ased on the testimony that I have heard this morning, and the evidence, I find that [L.A.] is, in fact guilty of assault of a school teacher.” This finding establishes that the trial court based L.A.’s assault adjudication upon a violation of La. R.S. 14:38.2, the named statute cited in the charging petition, not a portion of the statute as argued by L.A. Therefore, the charging petition did not mislead L.A. He was convicted of the offense for which he was charged in the petition. The petition gave him ample opportunity to defend the charges and afforded him due process under the law. Accordingly, this assignment of error lacks merit.
 

 ASSIGNMENT OF ERROR NO. 2
 

 L.A.’s second assignment of error maintains that the evidence did not support an adjudication for assault on a school teacher. L.A. argues that the testimony of the teacher aides support that, if anything, the victim committed a battery on L.A. by grabbing him and holding him against a wall and that the aides did not hear any threatening statements. He also contends that even if the victim’s testimony about the threatening statements is to be believed, the State offered no evidence that the victim was in reasonable apprehension of receiving a battery.
 

 “The State’s burden of proof in a juvenile delinquency proceeding, just as in a criminal proceeding against an adult, is to prove every element of the offense 17alleged beyond a reasonable doubt.”
 
 State in the Interest of K.M.,
 
 10-0649, p. 4 (La.App. 4 Cir. 9/29/10), 49 So.3d 460, 463.
 

 In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The Louisiana Supreme Court held that the
 
 Jackson
 
 standard is the clear standard of review for Louisiana appellate courts.
 
 State v. Brown,
 
 03-0897, p. 22 (La.4/12/05), 907 So.2d 1, 18. This standard of review is applicable to juvenile delinquency cases.
 
 State in the Interest of T.E.,
 
 00-1810, p. 4 (La.App. 4 Cir. 4/11/01), 787 So.2d 414, 417.
 

 “Appellate review of juvenile cases extends to law and fact.”
 
 State in the Interest of T.T.,
 
 09-1201, p. 2 (La.App. 4 Cir. 1/13/10), 30 So.3d 220, 221. “Never
 
 *196
 
 theless, we recognize that the juvenile judge observes the conduct and demeanor of the witnesses and is thus in a far better position to determine credibility and weigh the evidence.”
 
 State in the Interest of D.L.,
 
 30,878, p. 3 (La.App. 2 Cir. 6/24/98), 715 So.2d 623, 626. Thus, we afford great deference to the judge’s findings of fact and to his determination of credibility of the witnesses and the weight to be given to their testimony.
 
 State in the Interest of J.N.,
 
 07-1229-1306, p. 8 (La.App. 4 Cir. 5/7/08), 984 So.2d 910, 915. Therefore, in light of the record in its entirety, the court of appeal may not reverse the findings of the trial court unless manifestly erroneous or clearly wrong.
 
 See State in the Interest of D.R.,
 
 10-0405, p. 8 (La.App. 4 Cir. 10/13/10), 50 So.3d 927, 931.
 

 In applying this standard of review to the case at bar, we affirm the adjudication. Mr. Fisher, the victim, testified that L.A. threatened to “get,” |s“shoot,” and “kill” him. He also testified that he believed L.A. could follow through on these threats and that he was afraid. With this testimony, a rational trier of fact could determine that L.A.’s actions met the statutory elements to constitute an assault against a school teacher. The trial court specifically found L.A. guilty of assault because it believed the testimony of the victim. Therefore, viewing the evidence in the light most favorable to the prosecution, we cannot say that the trial court’s findings were manifestly erroneous or clearly wrong.
 

 DECREE
 

 For the foregoing reasons, the judgment of the trial court adjudicating L.A. guilty of assault is affirmed.
 

 AFFIRMED
 

 [1]
 

 . As L.A. is a juvenile, he will be referred to by his initials. La. C. Ch. Art. 412.