VICTORY, J.*
| iThis case comes to us on appeal from a district court’s ruling that La. R.S. *309 15:541(7)[1] and 15:542,[2] laws requiring registration for sex offenders, are unconstitutional as applied to a person who pled and was found not guilty by reason of insanity to a sex offense. Having reviewing the record and the applicable law, we reverse the judgment of the district court because the respondent failed to sufficiently particularize any basis for finding the statutes unconstitutional.
FACTS AND PROCEDURAL HISTORY
On November 16,1993, respondent, Isaiah Overstreet, Jr., who was 32 years old, quit his job, began living in his ear, and started preaching on the grounds of college campuses. On April 25, 1994, at about 6 a.m. police were dispatched to a Southeastern dormitory where respondent, after failing to force his way into one room, entered another, forced a student onto her bed, and struggled with her before fleeing. At 11:30 p.m. on the same day, police were dispatched to the Electrical Engineering building at Louisiana State University where respondent had grabbed |2a student as she waited for campus transit, dragged her into the bushes, pinned her to the ground, and attempted to remove her clothing before fleeing. Also on that day, respondent tried to gain entry to another dormitory by breaking a window and pulling the handle on a fire door. On June 24, 1994, respondent was charged by bill of information with aggravated burglary and two counts of attempted aggravated rape.
On May 26, 1994, defense counsel asked the district court to appoint a sanity commission to evaluate respondent’s capacity at the time of the offense and his competency to proceed. The experts agreed that respondent was extremely delusional and unable to assist in his defense. After a hearing on August 18, 1994, the district court found that respondent was not competent to proceed and ordered him transferred to the Feliciana Forensic Facility for evaluation and treatment. Respondent was then released on bond by mistake but the bond was revoked eight days later. While in parish jail awaiting transfer, respondent was examined by a psychologist who diagnosed him as schizophrenic. Respondent was admitted to Feliciana on March 28,1995.
On May 31, 1995, Feliciana’s clinical director informed the district court that respondent had been restored to competency. The district court then directed the experts to reexamine respondent and they concurred. After a hearing held on September 19, 1997, the district court found, with the consent of the district attorney and pursuant to La.C.Cr.P. art. 558.1, that the respondent was not guilty by reason of insanity.[3] Respondent, at age 36, was ad *310 mitted to Feliciana again on January 12, 1998. He was treated there with low doses of anti-psychotic medication and his symptoms generally went into remission. In May 2009, the district court, in accordance with a review panel’s recommendation, ordered that ^respondent be transferred to the civil division of the Eastern Louisiana Mental Health System.
Respondent denies any memory of the attacks and has consistently refused to participate in sex offender assessment or treatment.[4] On March 8, 2010, respondent filed a motion to be released.[5] Because of his refusal to participate in sex offender treatment, the review panel recommended against release. In 2011, respondent was informed by staff that if he is transferred to a group home, he will be required to register as a sex offender. On May 18, 2011, respondent filed a motion for declaratory judgment in which he asked the district court to determine whether he is classified as a sex offender and subject to the sex offender registration requirements of La. R.S. 15:542.[6] On October 10, 2011, respondent filed what he captioned as a “motion to declare provision of law unconstitutional and for a determination of rights,” in which he contended that La. R.S. 15:541(7) and La. R.S. 15:542 are unconstitutional as applied to anyone found not guilty of a sex offense by reason of insanity.[7] Specifically, respondent asserted the following:
The defendant now alleges that the provisions of La. R.S. 15:541(7) are unconstitutional to the degree and extent that he is classified as a convicted felon or convicted sex offender despite having been declared an acquitee and Not Guilty By Reason of Insanity.
In addition, he, at age 50 and having been involuntarily confined as a danger to others for almost 14 years, asked to be released from the Eastern Louisiana Mental Health System. By supplement filed March 19, 2012, respondent clarified that the application of these provisions of law to a person found not guilty by reason of Rinsanity violates federal guarantees of equal protection and due process as well as several sections of the Louisiana constitution:
Defendant alleges that the provisions of R.S. 15:541(7) and R.S. 15:542, as applied, are unconstitutional and violate the United States Constitution, Fourteenth Amendment (Due Process of Law and Equal Protection of the Law) and also violate the Louisiana State Constitution, Article I, Sections 2, 3, 5, 20, and 24 (Due Process of Law, Equal Protection and Individual Dignity, Right to Privacy, Right to Humane Treatment and Other Unenumerated Rights).
Apparently, respondent filed this supplement in response to the state’s objection at a hearing held on March 15, 2012, that respondent had not identified any constitutional provisions that are violated by the *311 statutes. Unfortunately, a transcript of the March 15 hearing does not appear in the record.
After a hearing on May 30, 2012, the district court declared La. R.S. 15:541(7) and 15:542 unconstitutional as applied to any person found not guilty by reason of insanity. At this hearing, respondent through counsel conceded that the statutory provisions apply. However, counsel argued that the law is “arbitrary, capricious, and make no sense” because “if on the one hand, he is acquitted, he cannot then be considered convicted.” Counsel further asserted that “you cannot put him in the status of being a sex offender, when he was not convicted of any offense.” The district court then clarified that it was respondent’s position that the legislature acted arbitrarily and capriciously when it enacted a provision that effectively declares a person to be a convicted sex offender who has not been convicted of a sex offense. Respondent appeared to agree, characterized this as an equal protection violation, and further contended that it “is offensive to the notion of the constitution” to subject a person who has been found not guilty to consequences that are reserved for persons who are convicted. The district court then volunteered additional concerns:
What about this declaration of rights in our constitution, section 20, the right to humane treatment? No law should subject any person — and I’m just reading some parts of it — to cruel, excessive, or |fiunusual punishment. Could this registration requirement be, perhaps considered to be excessive, or unusual punishment, for someone who is in the category of a person adjudicated of this sanction — of this application of not guilty by reason of insanity?
Respondent replied that it is “obviously excessive” to require a person who “has no capability of understanding the consequences” to register as a sex offender. The district court also voiced concern about the ability of a person with diminished capacity because of mental illness to comply with the sex offender registration law:
How can someone register when he lacks capacity to — he had the capacity to register, I assume. So he has some capacity, but not the capacity to engage in criminal act, but he’s — on the one hand he has the capacity to engage in civil acts of registration and then complying with zone requirements? [Sic] Order I am looking at is someone is told you must comply with the civil obligations, register, do it on a timely basis, adhere to zone requirements, et cetera, et cetera, which is presupposing that he has some capacity to engage in civil obligations required by the statute. On the other hand that he lacks capacity under criminal law. To defend himself in a criminal proceeding [sic]. Which as we know, that standard is significant. I mean, you are adjudged to have that level of delamination [sic] in terms of capacity; substantial reduced capacity.
The district court then verbally ruled as follows:
I declare title 15:541(7), title 15:542 as unreasonably applied to this category of persons. Specifically, I find that these statutes violate the right to his individual dignity, under title section 3 of our state constitution. I also find that it violates the right to humane treatment under section 20 of article I of our statute constitution.
However, the district court also issued a conflicting written ruling:
It is adjudged and decreed that the provisions of La. R.S. 15:541(7) and La. R.S. 15:542 as applied to a defendant adjudged not guilty by reason of insanity, *312 are unconstitutional and violate the Louisiana State Constitution, Article I Sections 2 and 20.
Based on this conflict, the state asked the district court for a per curiam clarifying which constitutional provisions are violated. The state also appealed directly to this Court under the authority of La. Const, art. V, § 5, which provides that “a case shall be appealable to the supreme court if (1) a law or ordinance has been declared unconstitutional.”
| Jn its application to this Court, the state contends that (1) respondent insufficiently particularized the grounds of his claim and (2) the sex offender registration provisions do not violate La. Const, art. I, §§ 2, 3, or 20. Regarding the former, the state notes that respondent provided no basis to declare the statutes unconstitutional in his original filing and thereafter provided only citations to constitutional provisions in his supplement. The state argues that a conclusory assertion that the statutes are unconstitutional under the provisions listed in the supplement does not overcome the presumption of constitutionality and demonstrate that constitution denies the legislature the power to enact the statutes in question. The state then contends that, regardless, the sex offender registration provisions pass muster under the all constitutional provisions addressed in the district court’s first two conflicting rulings. (The state’s brief was filed before the trial judge issued the clarifying per curiam, which is addressed below.) As an initial matter, the state emphasizes that a plea of not guilty by reason of insanity is an acknowledgement of guilt of each element of the offenses charged and has never been considered equivalent to an acquittal.[8] Under La. Const, art. I, § 2, the state then argues that requiring all persons who commit sex offenses to register, whether convicted and punished or found exempt from criminal punishment because of insanity, is reasonably related to the government’s interest in protecting the public from all sex offenders. Under La. Const, art. I, § 3, the state argues sex offenders who are found not guilty by reason of insanity may be treated the same as those who are convicted because the legislature reasonably believes that all persons who commit sex offenses present a substantial risk of recidivism. Under La. Const, art. I, § 20, the state argues requiring a person found not guilty by |7reason of insanity to register as a sex offender cannot constitute excessive punishment when this Court has consistently held that the sex offender registry law is not punitive in nature.
Respondent argues that it is inconsistent and absurd for La. R.S. 15:541(7) to classify him as a sex offender when he was declared not guilty of a sex offense by reason of insanity. According to respondent, substantive due process bars arbitrary and capricious governmental acts such as this. He argues that there is no reasonable basis for what he characterizes as converting the finding that he was not guilty by reason of insanity into a conviction.[9] Respondent also disputes this *313 Court’s characterization of the sex offender registration law as not punitive, particularly when applied to a person who was found not guilty by reason of insanity. Respondent argues that, because he was insane at the time, he is exempt from all criminal punishment including the sex offender registration law. Finally, respondent characterizes his filings and argument in the district court as a succinct showing that the statutes at issue violate principles of equal protection and due process by arbitrarily classifying and punishing him as a sex offender, and he claims that no further particularization of the grounds is necessary considering that the issue is clear and uncomplicated.
The state’s brief was filed on August 17, 2012, and the respondent’s brief on September 26, 2012. Thereafter, on January 8, 2013, the district court’s per curiam was filed. In this ruling, dated November 19, 1012, the district court clarified the basis of its ruling as follows:
It is further adjudged and decreed that the provisions of La. R.S. 15:541(7) and La. R.S. 15:542 as applied to a defendant adjudged Not Guilty By Reason of Insanity, are unconstitutional and violate the Louisiana State Constitution, Article I, Sections 2 and 20.
|RThe principal concern is capacity. The court believes to require a defendant who has been found Not Guilty By Reason of Insanity to register as a sex offender violates his right to due process of law and that provisions requiring continual registrations are procedurally onerous and therefore excessive as applied with respect to the collateral consequences. Procedural due process requires that before an individual is deprived of a property or liberty right, the individual must be provided with notice and an opportunity to be heard. However, if an individual lacks capacity, these requirements cannot be satisfied.
According to Louisiana Code of Criminal Procedure article 641, mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense. In other words, a person who is mentally incompetent may not be subjected to trial. Following this line of reasoning, a person who is mentally incapacitated could habitually violate the Registration of Sex Offender laws due to his lack of capacity. Therefore, it is unreasonable to expect a person the law determines to be Not Guilty by Reason of Insanity to follow a set of rules and requirements which he literally cannot comprehend, much less adhere to.
For the foregoing reasons, the court concludes that it is unconstitutional to require a defendant who has been adjudged Not Guilty By Reason of Insanity to register and provide notification as a sex offender.
Thus, the district court based its ruling on a determination that persons who are adjudged not guilty by reason of insanity lack the capacity to comply with the sex offender registration law.
DISCUSSION
In summary, anticipating release from confinement for mental health treatment as a danger to others, respondent initially asserted that La. R.S. 15:542(7), which defines persons subject to sex offender registration to include those found not guilty by reason of insanity, is “unconstitutional”. In response to the state’s objection, respondent provided a list of constitutional provisions that he claimed prohibit the leg *314 islature from enacting the statute at issue. At the hearing on this motion, respondent argued that the statute is unconstitutional because it arbitrarily and capriciously converts an acquittal into a conviction. The per curiam, however, reveals that the district court declared the statute uneonstitu-tional | Sbased on its own concern, raised by the court sua sponte and never asserted by respondent, that all persons adjudged not guilty by reason of insanity lack the capacity to comply with the law.
In State v. Hatton, 07-2377 (La.7/1/08), 985 So.2d 709, this Court reversed a district court’s ruling that quashed a bill of information on the basis that a subsection of the statute defining the crime of computer-aided solicitation of a minor violated two state constitutional provisions. This Court found that the district court erred by basing its ruling on constitutional grounds that were not raised by the mov-ant and therefore not properly before it. This Court stated:
Statutes are generally presumed to be constitutional and the party challenging the validity of the statute bears the burden of proving it is unconstitutional. State v. Fleury, 01-0871, p. 5 (La.10/16/01), 799 So.2d 468, 472; State v. Brenner, 486 So.2d 101, 102 (La.1986); State v. Rones, 228 La. 839, 67 So.2d 99, 105 (1953). Unlike the federal constitution, a state constitution’s provisions are not grants of power, but instead are limitations on the otherwise plenary power of the people of a state, exercised through its legislature. Bd. of Comm’rs of N. Lafourche Conservation, Levee & Drainage Dist. v. Bd. of Comm’rs of Atchafalaya Basin Levee Dist., 95-1353, p. 3 (La.1/16/96), 666 So.2d 636, 639. Therefore, the legislature may enact any legislation the state constitution does not prohibit. Id. Moreover, this Court has consistently held that legislative enactments are presumed valid and them constitutionality should be upheld when possible. State v. Caruso, 98-1415, p. 1 (La.3/2/99), 733 So.2d 1169, 1170 (citing State v. Griffin, 495 So.2d 1306, 1308 (La.1986)). Accordingly, as a result of this presumption, if a party wishes to challenge the constitutionality of a statute, the party must do so properly. We now consider the proper procedure for challenging the constitutionality of a statute.
While there is no single procedure for attacking the constitutionality of a statute, it has long been held that the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized. State v. Schoening, 00-0903, p. 3 (La.10/17/00), 770 So.2d 762, 764 (citing Vallo v. Gayle Oil Co., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864-65). This Court has expressed the challenger’s burden as a three step analysis. First, a party must raise the unconstitutionality in the trial court; second, the unconstitutionality of a statute must be specially pleaded; and third, the grounds outlining the basis of unconstitutionality must be particularized. Vallo v. Gayle Oil Co., Inc., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864-865. The purpose of these procedural rules is to afford interested parties sufficient time to brief and prepare arguments defending the constitutionality of the |inchallenged statute. State v. Schoening, 00-0903, p. 3 (La.10/17/00), 770 So.2d 762, 764 (citing Vallo v. Gayle Oil Co., Inc., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 865). The opportunity to fully brief and argue the constitutional issues provides the trial court with thoughtful and complete arguments relating to the issue of constitutionality and furnishes reviewing courts with an adequate record upon which to consider the constitutionality of the statute. Id.
*315 The final step of the analysis articulated above requires that the grounds outlining the basis of the unconstitutionality be particularized. This Court has thoroughly considered the standard for particularizing the constitutional grounds. The purpose of particularizing the constitutional grounds is so that the adjudicating court can analyze and interpret the language of the constitutional provision specified by the challenger. State v. Expunged Record (No.) 249,044., 03-1940, p. 4 (La.7/2/04), 881 So.2d 104, 107 (citing Louisiana Mun. Ass’n v. State, 00-0374, p. 5 (La.10/6/00), 773 So.2d 663, 667 (“In adjudicating [a] constitutional challenge, the court must analyze and interpret the language of the constitutional provision specified by the challenger.”)). This basic principle dictates that the party challenging the constitutionality of a statute must cite to the specific provisions of the constitution which prohibits the action. State v. Fleury, 01-0871, p. 5 (La.10/16/01), 799 So.2d 468, 472 (citing Moore v. Roemer, 567 So.2d 75, 78 (La.1990)); see also State v. Granger, 07-2285, p. 3 (La.5/21/08), 982 So.2d 779; State v. Herring, 211 La. 1083, 31 So.2d 218, 219-220 (1947) (citing City of Shreveport v. Pedro, 170 La. 351, 127 So. 865 (La. 1930)); A. Sulka & Co. v. City of New Orleans, 208 La. 585, 23 So.2d 224, 229 (1945) (“It is elementary that he who urges the unconstitutionality of a law must especially plead its unconstitutionality and show specifically wherein it is unconstitutional.... ”).
In addition to the three step analysis for challenging the constitutionality of a statute, the specific plea of unconstitutionality and the grounds therefor must be raised in a pleading. See State v. Schoening, 00-0903, p. 4 (La.10/17/00), 770 So.2d 762, 765, citing Williams v. State, Dept. of Health and Hospitals, 95-0713, p. 6 (La.1/26/96), 671 So.2d 899, 902 (recognizing that “Louisiana jurisprudence requires that the constitutionality of a statute be specially pleaded in a petition, exception, written motion, or answer and that the grounds be particularized, so that the parties are given sufficient time to brief and prepare arguments regarding their position on a constitutional question.”); State v. Campbell, 263 La. 1058, 270 So.2d 506 (1972)(wherein this Court refused to consider grounds of unconstitutionality not raised in the defendant’s Motion to Quash); State v. Herring, 211 La. 1083, 31 So.2d 218, 219-220 (1947) (“This Court has consistently refused to consider an attack on the constitutionality of a law where such issue is not raised by the pleadings. The attack on the constitutionality of a law must be urged by special plea setting forth therein grounds on which it is claimed that the law is unconstitutional.”).
InThus, in light of the foregoing jurisprudential rules, in order to properly confect a constitutional challenge, a party must raise the constitutional issue in the trial court by raising the unconstitutionality and the grounds outlining the basis of the alleged unconstitutionality in a pleading.
Hatton, 985 So.2d at 719-20 (footnote omitted). Applying those principles, this Court found that defendant in Hatton had properly raised two grounds but that “neither of the grounds properly raised by the defendant in his Motion to Quash were the basis of the trial court’s ruling”. Hatton, 985 So.2d at 721. Thus, this Court found that “[bjecause the trial court’s ruling was based on constitutional grounds not properly raised, and indeed not raised at all, by the defendant, it erred in granting the defendant’s Motion to Quash on the basis that La. R.S. 14:81.3 is unconstitutional.” *316 Id. This Court further noted that a district court that rules on constitutional grounds other than those asserted by a litigant is acting similarly to a court that sua sponte declares a statute unconstitutional:
Although the issue of raising constitutional grounds not particularized in the trial court generally arises under circumstances in which a party raises a new or additional constitutional ground before an appellate court, this Court has • consistently found that the purpose of the three step analysis for challenging the constitutionality of a statute is to give the parties an opportunity to brief and argue the constitutional grounds and to prepare an adequate record for review. State v. Schoening, 00-0908, p. 8 (La.10/17/00), 770 So.2d 762, 764. Clearly, these purposes are not satisfied if the trial court is permitted to rule on grounds not properly raised by the party challenging the constitutionality of a statute. Further, we note that this situation is similar to those instances in which a trial court sua sponte declares a statute unconstitutional when its unconstitutionality has not been placed at issue by one of the parties in a pleading. Id. (citing Bd. of Comm’rs of Orleans Levee Dist. v. Connick, 94-3161, p. 6 (La.3/9/95), 654 So.2d 1073, 1076). A judge’s sua sponte declaration of unconstitutionality is a derogation of the strong presumption of constitutionality accorded legislative enactments. Id. pp. 3-4, at 765 (citing Bd. of Comm’rs of Orleans Levee Dist. v. Connick, 94-3161, p. 6 (La.3/9/95), 654 So.2d 1073, 1076). In the instant matter, the trial court’s basis for its ruling was on constitutional grounds not before it and, similar to those instances in which a trial court sua sponte rules on a constitutional issue not raised by the parties, such ruling is improper.
Hatton, 985 So.2d at 721. Following Hatton, this Court in State v. Bertrand, 08-2215 (La.3/17/09), 6 So.3d 738, found as a preliminary matter that a district court erred in declaring La.C.Cr.P. art. 782 unconstitutional based on grounds other than those asserted by a movant:
As neither defendant specified, briefed, or argued that the statute violated the Constitution’s guarantee of equal protection under the law, any reliance by the trial court in its ruling on such grounds was based on constitutional grounds not properly raised, and was, therefore, improper.
Bertrand, 6 So.3d at 741.
CONCLUSION
The state in the present case contends that respondent has not sufficiently particularized the grounds of his claim that the statutory provision requiring sex offender registration is unconstitutional. The state’s contention has merit. This Court has expressed the challenger’s burden as a three-step process. First, a party must raise the unconstitutionality in the trial court; second, the unconstitutionality of a statute must be specially pleaded; and third, the grounds outlining the basis of unconstitutionality must be particularized. Further, a district court may not sua sponte rule that a statute is unconstitutional, nor can it declare a statute unconstitutional on grounds other than those asserted by a movant.
At best, respondent merely claimed the law was “arbitrary, capricious and makes no sense” because he was not convicted of a crime, but instead pled not guilty by reason of insanity. He seemed to be claiming an equal protection violation, but never explained the basis of that claimed violation. As a result of this lack of particularization, the state was afforded insufficient opportunity to brief and argue in *317 response.[10] In addition, as in Hatton and Bertrand, the trial court’s landing here was based on constitutional grounds not properly raised, and indeed not raised at all, by respondent. Accordingly, we reverse the district court on this basis.
DECREE
For the reasons stated herein, the judgment of the district court, declaring La. R.S. 15:541(7) and La. R.S. 15:542 unconstitutional as applied to a defendant judged not guilty by reason of insanity, is reversed, and the case is remanded to the district court for further proceedings.
REVERSED AND REMANDED.
Judge JEFFERSON D. HUGHES III, assigned as Justice pro tempore, sitting for KIMBALL, C.J., for oral argument. He sits as an elected Justice at the time this opinion is rendered.

 Judge Jefferson D. Hughes III, assigned as Justice pro tempore, sitting for Kimball, C.J., *309 for oral argument. He sits as an elected Justice at the time this opinion is rendered.

. La. R.S. 15:541(7), defines a "conviction or other disposition adverse to the subject,” for purposes of sex offender registration, as "any disposition of charges, except a decision not to prosecute, a dismissal, or an acquittal, except when the acquittal is due to a finding of not guilty by reason of insanity and the person was committed.”

. La. R.S. 15:542(A)(1) requires the following persons to register and provide notification as a sex offender: "Any adult residing in this state who has pled guilty to, has been convicted of, or where adjudication has been deferred or withheld for the perpetration or attempted perpetration of, or any conspiracy to commit ... (a) [a] sex offense as defined in R.S. 15:541 ...” La. R.S. 15:541(24)(a) defines attempted aggravated rape as a "sex offense.”

.La.C.Cr.P. art. 558.1 provides: "The court may adjudicate a defendant not guilty by reason of insanity without trial, when the district attorney consents and the court makes a finding based upon expert testimony that there is a factual basis for the plea.”

. Sex offender treatment has been offered to respondent on a monthly basis throughout the entire period of confinement. With the exception of when he agreed to participate in such treatment on June 15, 2006 (but then refused to follow through), he has refused sex offender treatment.

. In the alternative, he asked to be allowed unsupervised weekend visits with his parents.

. Respondent also asked the district court whether he is ordered to participate in sex offender treatment and whether he is considered a convicted felon.

. Respondent also asked the district court whether he is considered a convicted felon, whether he is classified as a sex offender, whether he is ordered to participate in sex offender treatment, and whether he must comply with La. R.S. 15:542 if he is released.

. See Jones v. United States, 463 U.S. 354, 363, 103 S.Ct. 3043, 77 L.Ed.2d 694 (1983) (an adjudication of not guilty by reasons of insanity "establishes ... the defendant committed an act that constitutes a criminal offense”); State v. Branch, 99-1484 (La.3/17/00), 759 So.2d 31, 32 ("a verdict of not guilty by reason of insanity rests on a determination by the factfinder that the defendant committed the acts charged against him

. Respondent appears to concede that the legislature has a legitimate interest in protecting the public from sex offenders whether "sane or insane” but argues that this "becomes problematical when the state pronounces a *313 defendant a sex offender and the trial court has declared him an acquittee."

. See generally City of Shreveport v. Pedro, 170 La. 351, 353, 127 So. 865, 865 (1930): It is elementary that all laws are presumed to be constitutional until the contrary is made clearly to appear, and that he who urges the unconstitutionality of a law must specially plead its unconstitutionality, and show specifically wherein it is unconstitutional. The plea, in this instance, is too vague to put at issue the unconstitutionality of the laws attacked. The court cannot be expected to make an examination to ascertain the various laws under which plaintiff may have acted and to ascertain wherein they violate the due process clause of the Constitution of the United States, or are otherwise unconstitutional, and, if they are, in what respect they are so, nor can the opposite party to the litigation, under these circumstances, be expected to meet the attack, for he is not sufficiently informed by the plea to undertake the task, and, moreover, the burden is not upon him to show that they are constitutional. See State v. Hudson, 162 La. 543, 110 So. 749 (1926).