SANDRA CABRINA JENKINS, Judge.
1 ¡The instant appeal from the Orleans Parish Juvenile Court challenges an adjudication of delinquency based on a violation of La. R.S. 14:38.2 — assault on a school teacher. Appellant, herein referred to as J.D.,[1] was found to have assaulted a teacher by uttering the words “you ain’t safe, I’ll shoot you,” while walking away from the victim.
On appeal, J.D. challenges the constitutionality of R.S. 14:38.2,[2] the effectiveness of his trial counsel, and the sufficiency of the State’s evidence to |2sustain the judgment. For the following reasons, we affirm the adjudication of delinquency.
FACTUAL AND PROCEDURAL BACKGROUND
On March 18, 2013, the victim, teacher Justin Beardon, found J.D. and another student sitting on the bleachers of the Lake Area New Tech Early College High School gym during a class period in which they should have been elsewhere. Bear- *833 don twice asked them to leave the area, which they did upon his second request. As J.D. was leaving the gym, he uttered “you ain’t safe, I’ll shoot you,” to Beardon. J.D.’s statement alarmed Beardon, who was well acquainted with the minor both as his teacher and football coach. J.D. did not say anything else to Beardon during this interaction. Beardon reported the incident to the school disciplinarian. The police were summoned and J.D. was arrested.
J.D. was charged with a single count of assault on a school teacher under R.S. 14:38.2. After a June 6, 2013 hearing, J.D. was adjudicated delinquent by an ad-hoc judge. The court imposed a suspended disposition of 180 days as well as one year of active probation.
This appeal followed.
DISCUSSION
In juvenile appeals, this Court reviews both “facts and law to determine whether there is sufficient evidence of proof beyond a reasonable doubt to adjudicate a child a delinquent.” State in the Interest of D.R., 10-0405, p. 8 (La.App. 4 Cir. 10/13/10), 50 So.3d 927, 932.
|aJ.D.’s Constitutional Challenge to R.S. 14:38.2 is Waived
J.D. contends that R.S. 14:38.2(A)(2)(b), which criminalizes “making statements threatening physical harm to a school teacher,” is unconstitutionally overbroad. The State, by contrast, urges that the constitutionality of the statute, and its application to J.D. in particular, were improperly raised below and, thus, not preserved on appeal. We agree with the State.
An overbreadth challenge is a facial attack upon a statute’s constitutional validity. See, e.g., United States v. Stevens, 559 U.S. 460, 473, 130 S.Ct. 1577, 1587, 176 L.Ed.2d 435 (2010) (observing that a law is overbroad, and therefore invalid, if “a substantial number of its applications are unconstitutional, judged in relation to the statute’s plainly legitimate sweep”) (citations omitted). The Louisiana Supreme Court has recently reaffirmed that “[wjhile there is no single procedure for attacking the constitutionality of a statute, it has long been held that the unconstitutionality of a statute must be specifically pleaded and the grounds for the claim particularized.” State v. Overstreet, 12-1854, p. 9 (La.3/19/13), 111 So.3d 308, 314 (quoting State v. Hatton, 07-2377, p. 13 (La.7/1/08), 985 So.2d 709, 719) (emphasis added) (internal citations omitted). Despite the absence of a formal procedure, the constitutional challenger to any statute carries a threefold burden, first, to raise the unconstitutionality in the trial court, second, to plead the issues specially, and lastly, to outline the unconstitutionality on particularized grounds. Id. (quoting State v. Hatton, 07-2377, p. 13 (La.7/1/08), 985 So.2d 709, 719) (internal citations omitted). “[T]he specific plea of unconstitutionality and 14the grounds therefor must be raised in a pleading.” Id., 12-1854, p. 9, 111 So.3d at 315 (emphasis added) (citations omitted). This requirement affords interested parties an opportunity to brief the question of constitutionality in full, thereby providing the “trial court with thoughtful and complete arguments relating to the issue of constitutionality and furnishing] reviewing courts with an adequate record upon which to consider the constitutionality of the statute.” Id., 12-1854, p. 10, 111 So.3d at 314 (quoting State v. Hatton, 07-2377, p. 13 (La.7/1/08), 985 So.2d 709, 719) (internal citations omitted) (amendments added).
J.D. challenges the breadth of R.S. 14:38.2(A)(2)(b) for the first time on appeal. He did not previously raise the issue *834 in a motion to quash or other pretrial pleading as expressly required by Over-street and its predecessor cases. See Overstreet, 12-1854, p. 11, 111 So.3d at 315 (citations omitted). Nothing at all was specially pleaded to the trial court by way of overbreadth or the protected nature of J.D.’s specific utterance. See id, 12-1854, p. 9, 111 So.3d at 314 (“the unconstitutionality of a statute must be specifically pleaded and the grounds for the claim particularized”). Trial counsel’s two fleeting references to the First Amendment in opening and closing statements were insufficient to preserve the issue even if they had been on point, which they were not. J.D. concedes as much in his second assignment of error, which alleges the ineffective assistance of counsel based upon trial counsel’s failure to challenge the constitutionality ofR.S. H:38.2(A)(2)(b).
|sThe trial court was unable to pass on the question of the statute’s constitutionality and, therefore, neither shall we. The issue was waived.
The Effectiveness of Trial Counsel’s Performance Will Not be Reviewed on Direct Appeal From the Adjudication of Delinquency
J.D. contends that he is entitled to the reversal of his delinquency adjudication because of the ineffective assistance of his trial counsel. Specifically, he points to counsel’s failure to raise a constitutional challenge to the breadth of R.S 14:38.2(A)(2)(b) as the basis for his claim. We do not address the merits of his claim here, as it is better suited for a post-adjudication hearing resembling the kind of hearing available on post-conviction relief.
Juvenile and adult defendants alike are entitled to effective assistance of counsel. See State in the Interest of Jones, 372 So.2d 779, 780 (La.App. 4 Cir.1979) (citing Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967)). Ineffective assistance of counsel claims are more appropriately raised in a petition for post-conviction relief under La.C.Cr.P. art. 924, et seq.[3] See State v. Carter, 630 So.2d 926, 935 (La.App. 4 Cir.1993) (citing State v. Prudholm, 446 So.2d 729, 737 (La.1984)). If the record discloses sufficient evidence to rule on the merits of the claim, then the interests of judicial economy justify consideration of the issues on appeal. State v. Harris, 11-0663, p. 6 (La.App. 4 Cir. 3/28/12), 88 So.3d 1223, 1226 (citing State v. Landry, 499 So.2d 1320, 1324 (La.App. 4 Cir.1986)). However, where the record contains insufficient evidence to fully explore |fia claim of ineffective assistance, that claim should be deferred until post-conviction proceedings. See, e.g., State v. Holmes, 607 So.2d 956, 961 (La.App. 4 Cir.1992), writ denied, 612 So.2d 97 (La.1993); see also State v. Vincent, 07-90, p. 17 (La.App. 5 Cir. 10/16/07), 971 So.2d 363, 374.
An ineffective assistance of counsel claim is meritorious only where counsel made errors so serious that they effectively deprived the defendant of “counsel” within the meaning of the Sixth Amendment to the United States Constitution. See State v. Diggins, 12-0015, p. 20 (La.App. 4 Cir. 10/23/13), 126 So.3d 770, 787-88 (citing Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)); see also U.S. Const. Amend. VI. A claim premised on ineffectiveness of counsel is analyzed under the two-prong *835 test under which a successful claim must establish both that trial counsel’s performance was deficient and that the deficiency prejudiced the defendant. Diggins, 12-0015, p. 20, 126 So.3d at 787-88 (citing State v. Jackson, 97-2220, p. 8 (La.App. 4 Cir. 5/12/99), 733 So.2d 736, 741).
Here, the record is insufficiently developed for this Court to evaluate trial counsel’s performance. The record does not disclose, for example, whether the failure to raise a facial challenge to R.S. 14:38.2(A)(2)(b) was an error or a deliberate tactical decision by trial counsel. Such information is crucial to a proper determination of this issue because the deference that we will afford the particular strategic decisions of trial counsel depends upon the adequacy of the investigations supporting those decisions. See Wiggins v. Smith, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003) (citations omitted). The appellate record l7before us was not developed for the purpose of demonstrating trial counsel’s competence or lack thereof. It is in J.D.’s interest to receive a full hearing on the effectiveness of counsel before the trial court. Therefore, we do not dispose of his ineffective assistance claim. Instead, J.D. should raise the claim in a post-adjudication hearing similar to the post-conviction hearings afforded criminal offenders under La.C.Cr.P. art. 924, et seq.
The Evidence Supports the Adjudication of Delinquency
J.D.’s final assignment of error contends that his delinquency adjudication rests on an insufficient showing that the victim, Beardon, experienced a reasonable apprehension of fear in response to J.D.’s threatening utterance. This contention lacks merit.
“The State’s burden of proof in a juvenile delinquency proceeding, just as in a criminal proceeding against an adult, is to prove every element of the offense alleged beyond a reasonable doubt.” State in the Interest of L.A., 11-1138, pp. 6-7 (La.App. 4 Cir. 2/8/12), 85 So.3d 192, 195 (quoting State in the Interest of K.M., 10-0649, p. 4 (La.App. 4 Cir. 9/29/10), 49 So.3d 460, 463.) An adjudication of delinquency premised on R.S. 14:38.2(A)(2)(b) requires “an attempt to commit on a school teacher a battery or the intentional placing of a school teacher in reasonable apprehension of receiving a battery or making statements threatening physical harm to a school teacher.” See R.S. 14:38.2(A)(2)(b) (emphasis added). Considering all evidence in a light most favorable to the State, we will affirm so long as a reasonable trier of fact could have found the defendant guilty beyond a ^reasonable doubt. See State in the Interest of L.A., 11-1138, p. 7, 85 So.3d at 195 (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)).
Here, it is undisputed that J.D.’s delinquency adjudication rests on a determination that he violated R.S. 14:38.2(A)(2)(b) by uttering threatening statements to Beardon, a teacher. Though J.D.’s trial and appellate counsel expended considerable energy arguing that Beardon lacked the reasonable apprehension of fear necessary to violate the statute, the statute does not require such a finding.
R.S. 14:38.2(A)(2)(b) states that making threatening statements to a school teacher is sufficient to commit an assault. See R.S. 14:38.2(A)(2)(b). It contains no requirement that the victim experience a reasonable apprehension of fear or an imminent battery in connection with these threats. See id,.; but see State in the Interest of L.A., 11-1138, pp. 7-8, 85 So.3d at 196 (appearing to engraft a reasonable apprehension of fear requirement onto the *836 statute’s threatening statements offense). “A statute shall be construed to give meaning to the plain language of the statute.” Vogt v. Bd. of Levee Comm’rs of Orleans Levee Dist., 95-1187, p. 10 (La.App. 4 Cir. 9/4/96), 680 So.2d 149, 155 (citing State, Dep’t of Transp. & Dev. v. Walker, 95-0185, p. 2 (La.6/30/95), 658 So.2d 190, 192). Moreover, where the legislature specifically enumerates a series of things within a statute, the legislature’s omission of other items — e.g., the element for the reasonable apprehension of fear — that it could have been easily included in it, is adeemed intentional under the interpretative cannon, expressio unius et exclusio alterius. See Sensebe v. Canal Indem. Co., 10-0703, p. 16 (La.1/28/11), 58 So.3d 441, 451 (quoting Theriot v. Midland Risk Ins. Co., 95-2895, p. 4 (La.5/20/97), 694 So.2d 184, 187). Additionally, statutes are presumed to be constitutional, and the challenger bears the burden of establishing their invalidity. City of New Orleans v. Louisiana Assessors’ Ret. & Relief Fund, 05-2548, p. 11 (La.10/1/07), 986 So.2d 1, 12 (citations omitted).
Here, there is no dispute that J.D. uttered a threatening statement to Bear-don while the latter was engaged in his duties as a teacher. R.S. 14:38.2 plainly criminalizes the making of threatening statements to a school teacher, without requiring further proof of the offense. See R.S. 14:38.2(A)(2)(b). J.D. has not a1> tempted to establish that his statement was not threatening, much less that he never uttered the words attributed to him. The trial court found those words sufficient to adjudicate J.D. delinquent under R.S. 14:38.2(A)(2)(b). Presuming the statute’s constitutionality and applying our highly deferential standard of review to trial court findings, we cannot disturb J.D.’s adjudication of delinquency on these facts.
We find no merit in this assignment of error.
DECREE
For the forgoing reasons, the judgment of the trial court adjudicating J.D. delinquent is affirmed.
AFFIRMED.

. As J.D. is a juvenile, he will be referred to by his initials. La. Ch.C. art. 412(a).

. R.S. 14:38.2 defines assault on a school teacher, in pertinent part, as follows:
A. (1) Assault on a school teacher is an assault committed when the offender has reasonable grounds to believe the victim is a school teacher acting in the performance of his duties.
(2)(a) For purposes of this Section, "school teacher” means any teacher, instructor, administrator, staff person, or employee of any public or private elementary, secondary, vocational-technical training, special, or postsecondary school or institution. For purposes of this Section, "school teacher” shall also include any teacher aide and paraprofessional, school bus driver, food service worker, and other clerical, custodial, or maintenance personnel employed by a city, parish, or other local public school board.
(b) For the purposes of this Section, "assault” means an attempt to commit on a school teacher a battery or the intentional placing of a school teacher in reasonable apprehension of receiving a battery or making statements threatening physical harm to a school teacher.
R.S. 14:38.2(A)(l)-(2)(b) (emphasis added).

. While the Children’s Code does not contain a provision regarding post-adjudication or post-conviction relief, it instructs that where the code does not provide procedures, "the court shall proceed in accordance with the Code of Criminal Procedure.” La. Ch.C. art. 803.