In re Teat, Danny A.; —Plaintiff; Applying for Supervisory and/or Remedial Writs; Parish of Allen 33rd Judicial District Court Number CR2863-82; to the Court of Appeal, Third Circuit, Number KW89-0808.
Granted. That portion of relator’s sentence which calls for him to pay court costs or, in default of payment, to serve an additional one year under the supervision of the Louisiana Department of Corrections is vacated as it does not comply with the mandates of La.C.Cr.P. art. 884. State v. Hyland, 36 La.Ann. 709 (1884). The matter is remanded to the trial court for resentenc-ing and for a determination for indigency. If relator is found to be indigent the trial court is ordered to delete only that portion of his sentence which provides for a jail term in the event of default of payment of the fine imposed. An indigent person may not be incarcerated because he is unable to pay a fine which is part of his sentence. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). However, we note that La.C.Cr.P. art. 886 permits the state to enforce collection of the fine in the same manner as a money judgment in a civil case. State v. Conley, 570 So.2d 1161 (La.1990).