STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-873

STATE OF LOUISIANA

VERSUS

ROBERT LEE HEARD, JR.

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 12-K-4535-D
HONORABLE D. JASON MECHE, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and David Kent Savoie, Judges.

REVERSED AND REMANDED.

Jeff Landry
Attorney General
Matthew H. Long
Colin Clark
Assistant Attorneys General
P. O. Box 94005
Baton Rouge, LA 70804-9005
(225) 326-6200
COUNSEL FOR APPELLANT:
    State of Louisiana

**Earl Taylor**
**District Attorney Twenty-Seventh Judicial District**
**Jennifer M. Ardoin**
**Assistant District Attorney Twenty-Seventh Judicial District**
**P. O. Drawer 1968**
**Opelousas, LA 70571**
**(337) 948-0551**
**COUNSEL FOR APPELLANT:**
     **State of Louisiana**

**Edward J. Marquet**
**Louisiana Appellant Project**
**P. O. Box 53733**
**Lafayette, LA 70505-3733**
**(337) 237-6841**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Robert Lee Heard, Jr.**

**PETERS, J.**

The State of Louisiana appeals the trial court's grant of a motion to quash the grand jury indictment filed against Robert Lee Heard, Jr., in which the trial court found that La.R.S. 14:30(A)(11) is unconstitutionally vague as applied to the defendant. For the following reasons, we reverse the trial court's judgment and remand the matter to the trial court for further proceedings.

### DISCUSSION OF THE RECORD

On November 20, 2012, the St. Landry Parish Grand Jury returned a true bill of indictment against Robert Lee Heard, Jr. (hereinafter referred to as "the defendant"), charging him with first degree murder, a violation of La.R.S. 14:30. Specifically, the indictment charged that "[o]n or about September, 14, 2012," the defendant "did commit first degree murder of Demetra Doyle, in violation of La.R.S. 14:30[.]" The defendant entered a plea of not guilty to the offense on January 24, 2013, and slightly over a month later, the State of Louisiana (herein after referred to as "state") informed the defendant and the trial court that it would not pursue the death penalty in its prosecution efforts.

On November 25, 2013, the defendant filed a motion to quash the indictment based on the argument that it was "defective because it fails to set out any underlying enumerated offenses the [sic] must be present in order for a defendant to be charged with FIRST DEGREE MURDER."[1] Sometime thereafter, the state informed the defendant that the prosecution would be pursuant to La.R.S. 14:30(A)(11), which provides:

First degree murder is the killing of a human being:

. . . .

---

[1] Louisiana Revised Statutes 14:30(A) contains twelve numbered paragraphs that set forth the manner in which first degree murder can be committed, and the indictment filed against the defendant did not designate the paragraph at issue in this offense.

(11) When the offender has a specific intent to kill or inflict great bodily harm and the offender has previously acted with a specific intent to kill or inflict great bodily harm that resulted in the killing of one or more persons.

At the April 10, 2015 hearing on the motion to quash, the defendant acknowledged that the state had informed him of the applicable provision of La.R.S. 14:30. He stated that he now intended to challenge the prosecution based on La.R.S. 14:30(A)(11) being unconstitutionally overbroad and vague; and based on the use of a juvenile's record as the aggravating circumstance. The state responded to the latter statement by informing the defendant and the trial court that it did not intend to use the defendant's juvenile record against him. Instead, it stated that it intended to present live testimony to establish the prior act required under La.R.S. 14:30(A)(11).

Thereafter, on April 22, 2015, the defendant filed a second motion to quash the indictment, this time asserting that the indictment should be quashed because La.R.S. 14:30(A)(11) is "unconstitutionally vague and/or overbroad." After a July 13, 2015 hearing, the trial court provided extensive oral reasons for granting the motion to quash the indictment. On July 21, 2015, the trial court supplemented its oral reasons with written reasons, wherein it concluded "that Louisiana Revised Statute 14:30 A.(11) is unconstitutional *as applied* to this defendant, Robert Lee Heard, Jr." However, the written reasons did not expand on the oral reasons previously rendered. Instead, the trial court incorporated the oral reasons of July 13, 2015, into its written reasons by attaching a copy of those reasons to the written reasons.

The state timely appealed the ruling, and in its appeal, asserted two assignments of error, worded as follows:

1) Was the Defendant's constitutional claim in his Motion to Quash sufficiently particularized in that written pleading? The trial

2

court erred by granting Defendant's Motion to Quash because the unconstitutionality of the statute was not properly particularized in the written Motion to Quash. Additionally, the trial court granted the Motion to Quash on a ground not specified in the Motion.

2) Did the trial court err in finding La. R.S. 14:30(A)(11) vague as applied to a defendant who killed another person when he was a juvenile? The trial court erred in finding that La. R.S. 14:30(A)(11), specifically the word "killing," is unconstitutionally vague as applied to a defendant who killed another person as a juvenile.

## OPINION

### *Jurisdictional Statement*

While La.Code Crim.P. art. 912(B)(1) provides that the state may appeal a judgment or ruling on a motion to quash to the proper appellate court, La.Const. art. 5, § 5(D) provides that in a case where a law or ordinance has been declared unconstitutional, that "case shall be appealable to the supreme court[.]" However, where the law or ordinance is declared unconstitutional as applied rather than unconstitutional on its face, an appeal to the appellate court rather than the supreme court is proper. *See State v. Trosclair*, 11-2302 (La. 5/8/12), 89 So.3d 340. Thus, we find the state's appeal to this court to be proper.

### *Assignments of Error*

While the state's brief asserts only two assignments of error, the argument on those assignments of error is divided into several subsections. In reversing the trial court ruling that La.R.S. 14:30(A)(11) is unconstitutional as applied to the defendant, we need only consider the first of these several subsections.

### *Failure to Particularize the Vagueness Claim in the Motion to Quash*

The defendant's April 22, 2015 motion to quash reads as follows:

This statute is unconstitutionally vague and/or overbroad in violation of the defendant's constitutional right to due process under the law as guaranteed by the Fifth and Fourteenth Amendments, as well as jury trial guarantees of the Sixth Amendment to the United States' [sic] Constitution. The statute is overbroad in that it makes no

3

distinction regarding the circumstances giving rise to the previous killing. Specifically, it would include previous killings by police officers in the course of their lawful duties, soldiers in combat, killings considered to be justifiable homicide; or, specifically, it gives no consideration as to the age of the defendant at the time of the previous killing.

Additionally, it is anticipated the State will argue that it has a right to present live testimony that Mr. Heard had killed a person prior to the killing he is accused of in this case. The defendant asserts that the State is attempting to circumvent the protections that were afforded to him as a juvenile. **La Ch.C. Art. 412** contains provisions for maintaining the [c]onfidentiality of juvenile records. **La. C.E. Art. 609.1 F** bars the use of evidence of juvenile adjudications of delinquency to attack the credibility of a witness, (except for use in proceedings brought pursuant to the habitual offender law, **R.S. 15:529.1** which has been found to be unconstitutional by the Louisiana Supreme Court in **State v. Brown**, No. 2003-K-2788, 879 So.2d 1276, (7/6/04)). Furthermore, the live testimony the State intends to introduce was derived from the adjudication proceedings obtained from the State of California; and, therefore the testimony should be disallowed by the Court. If the State is allowed to introduce live testimony of the previous killing, the defendant will be required to defend himself against to [sic] separate and distinct alleged act [sic].

The defendant ended the motion to quash with the following prayer for relief:

WHEREFORE, mover prays that his **MOTION TO QUASH THE INDICTMENT ON THE GROUNDS THAT LA.RS 14:30 A. (11) IS UNCONSTITUTIONALLY VAGUE AND/OR OVERBROAD** be deemed good and sufficient; and, after due proceedings this Court should declare the statute unconstitutional; and, that any evidence of a prior killing, sought to be introduced by use of live testimony by the District Attorney in this matter, be ordered suppressed in its entirety; and, that the State be prohibited from introducing same or making reference to any and all such evidence during the course of the [t]rial of this matter.

The trial court obviously found that both the vagueness and overbroad issues were sufficiently particularized, as it ultimately ruled on both issues. With regard to the overbroad issue, the trial court rejected the defendant's police and military examples, as well as his argument on that point. The defendant did not appeal the trial court's ruling on this constitutional argument and, therefore, that issue is not

before us. The remaining issue is whether the vagueness claim was sufficiently particularized for the trial court to grant the relief as it did.

At the hearing on the motion to quash, and in his responsive brief to this court, the defendant intertwined his arguments that La.R.S.14:30(A)(11) is unconstitutional with his argument that evidence of the prior killing should be excluded based on statutory grounds.[2] However, the trial court did not address these statutory grounds in rendering its ruling that La.R.S. 14:30(A)(11) was unconstitutional and, therefore, any argument that the previous killing should be excluded on statutory grounds is not properly before us.

The state's focus at the hearing on the motion was that the jury needed to know of the defendant's violent propensities and the fact that he had killed or attempted to kill in the past. That, according to the state, was why La.R.S. 14:30(A)(11) was enacted, and it argues that the prejudice to the defendant in introducing the killing in California is outweighed by the probative value of that evidence. While asserting that there exists no statutory authority for excluding the California juvenile adjudication, the state argued that the introduction of the adjudication would not be an issue in this prosecution because it had no intention of introducing the adjudication. Instead, the state asserted that it planned to use an eyewitness to the California killing to establish the aggravating circumstances element of La.R.S. 14:30(A)(11). The state asserted that any issues raised by *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969), should not be an issue in the prosecution, because once the death penalty was taken off the table, the

---

[2] While the statutory defenses were not made a part of the motion to quash, the defendant's counsel referenced them at the beginning of his argument at the hearing on the motion by referring to a memorandum on those issues he had submitted on July 13, 2015. That memorandum, which the trial court allowed to be introduced into the record, did not discuss the constitutionality of La.R.S. 14:30(A)(11). Instead, it presented the argument that a killing that occurs when a defendant is a juvenile cannot be the underlying killing referenced in La.R.S. 14:30(A)(11), because a minor cannot be held fully responsible for the consequences of his immaturity and because the statute was intended to apply to closely related murders.

5

sentence for first and second degree murder was the same—life at hard labor without the benefit of probation, parole, or suspension of sentence. La.R.S. 14:30(C)(2); La.R.S. 14:30.1(B). The state argued to the trial court that a statute is presumed to be constitutional, and in this case, the legislative intent in enacting La.R.S. 14:30(A)(11) was obviously "to look at somebody with dangerous propensities."

The trial court found La.R.S. 14:30(A)(11) unconstitutionally vague for a number of reasons. First, the trial court concluded that when the legislature amended La.R.S. 14:30(A) to add section 11, it did so to address serial killer prosecution. Specifically, the trial court asserted that its understanding of the legislative action was "based on situations where we have multiple deaths and there's some connexity in the form of either a *modus operandi*, maybe a particular type of victim, maybe a particular method of killing, but it's to get those separate offenses tied together[.]" The matter before us, by the trial court's analysis, was not that type of case.

Second, the trial court compared La.R.S. 14:30(A)(11) to similar statutes in other states and found the other state statutes "were more specific than the Louisiana statute in that they seem to require a conviction or at least a murder[.]" That being the case, the trial court reasoned, La.R.S. 14:30(A)(11) does not reach that degree of specificity.

Next, the trial court found problems with the application of La.R.S. 14:30(A)(11) where the previous killing was a juvenile act, particularly in this case where there is no evidence of the defendant having been given his rights in the prior proceeding pursuant to *Boykin*, 395 U.S. 238. Further, the trial court seemed to be concerned that La.R.S. 14:30(A)(11) did not sufficiently differentiate

between an adult offender and a juvenile offender. In making this point, the trial court quoted *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455, 2467 (2012).[3]

In furtherance of its position concerning whether a juvenile should be subject to the provisions of La.R.S. 14:30(A)(11), the trial court also concluded that the statute was vague as applied to the defendant because the trial court had no information before it to determine whether the prior prosecution was a juvenile adjudication or a conviction. Without that information, the trial court reasoned it could not be determined whether the legislature intended to take such a scenario into consideration. The trial court suggested that this lack of information "presents a dilemma for this court as to how this trial is going to go and how we have to instruct the jury."

Next, the trial court determined that problems existed with the application of La.R.S. 14:30(A)(11) to the defendant because the statute does not specify a time limit associated with the previous killing as do other states' statutes. The trial court concluded that "it just doesn't seem right to be able to go back as far as the

---

[3] The trial court quoted *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455, 2467 (2012), however the quote should properly have read:

> Of special pertinence here, we insisted in these rulings that a sentencer have the ability to consider the "mitigating qualities of youth." *Johnson v. Texas*, 509 U.S. 350, 367, 113 S.Ct. 2658, 125 L.Ed.2d 290 (1993). Everything we said in *Roper* [*v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183 (2005)] and *Graham* [*v. Florida*, 560 U.S. 48, 130 S.Ct. 2011 (2010)] about that stage of life also appears in these decisions. As we observed, "youth is more than a chronological fact." *Eddings* [*v. Oklahoma*], 455 U.S. [104, 115], 102 S.Ct. 869. It is a time of immaturity, irresponsibility, "impetuousness[,] and recklessness." *Johnson*, 509 U.S., at 368, 113 S.Ct. 2658. It is a moment and "condition of life when a person may be most susceptible to influence and to psychological damage." *Eddings*, 455 U.S., at 115, 102 S.Ct. 869. And its "signature qualities" are all "transient." *Johnson*, 509 U.S., at 368, 113 S.Ct. 2658. *Eddings* is especially on point. There, a 16-year-old shot a police officer point-blank and killed him. We invalidated his death sentence because the judge did not consider evidence of his neglectful and violent family background (including his mother's drug abuse and his father's physical abuse) and his emotional disturbance. We found that evidence "particularly relevant"—more so than it would have been in the case of an adult offender. 455 U.S., at 115, 102 S.Ct. 869. We held: "[J]ust as the chronological age of a minor is itself a relevant mitigating factor of great weight, so must the background and mental and emotional development of a youthful defendant be duly considered" in assessing his culpability. *Id.*, at 116, 102 S.Ct. 869.

7

State is attempting to go back in this case, particularly when you cross back over into that juvenile area. It seems there should be a limit." Without such limits, the trial court concluded, La.R.S. 14:30(A)(11) is unconstitutional as applied to the defendant.

The trial court also concluded that the application of La.R.S. 14:30(A)(11) to the defendant would circumvent other evidentiary rules that would otherwise protect him. The trial court concluded that the legislature essentially created an exception to La.Code Evid. art. 404(B) by eliminating the balancing test of prejudicial effect versus probative value found under that article. While asserting that in enacting La.R.S. 14:30(A)(11), the legislature left the trial court without sufficient guidance as to how to proceed, the trial court still asserted that "the basis of my ruling is more the fact that I find it is vague as applied to this defendant because of the problems with the fact that the predicate, or the aggravating circumstance, was a juvenile act." The trial court reached this conclusion by relying primarily on the supreme court's ruling in *State v. Brown*, 03-2788 (La. 7/6/04), 879 So.2d 1276, *cert. denied*, 543 U.S. 1177, 125 S.Ct. 1310 (2005), which it quoted as "[t]he provision in the habitual offender law that qualified prior adjudication of delinquency as the predicate offense for purposes of enhancing subsequent offenses was unconstitutional as applied."[4] If a prior delinquent adjudication could not be used for the purposes of the habitual offender law, La.R.S. 15:529.1, the trial court reasoned it could not be used to support a conviction under La.R.S. 14:30(A)(11).

Notwithstanding the trial court's extensive reasoning, on appeal the state asserts that the trial court erred in finding La.R.S. 14:30(A)(11) unconstitutional

---

[4] The language quoted by the trial court is actually from a Westlaw synopsis of the case, not language located in the actual opinion.

8

because none of the reasons relied upon by the trial court were sufficiently particularized by the defendant in his motion to quash. The need for particularization was set forth by the supreme court in *State v. Hatton*, 07-2377, pp. 13-16 (La. 7/1/08), 985 So.2d 709, 718-20, (footnotes omitted) (citations omitted), as follows:

> As an initial matter, before determining whether the trial court was correct in granting defendant's Motion to Quash and declaring La. R.S. 14:81.3(C)(3) unconstitutional, we must first decide whether the issue of constitutionality was properly raised below. It is well-settled that a constitutional challenge may not be considered by an appellate court unless it was properly pleaded and raised in the trial court below. Although this court generally possesses the power and authority to decide the constitutionality of the provisions challenged in a defendant's motion to quash, it is not required to decide a constitutional issue unless the procedural posture demands that it do so. A corollary of these principles is that courts are generally reluctant to address the constitutionality of legislation unless required by the particular case and issue before them.
>
> Statutes are generally presumed to be constitutional and the party challenging the validity of the statute bears the burden of proving it is unconstitutional. Unlike the federal constitution, a state constitution's provisions are not grants of power, but instead are limitations on the otherwise plenary power of the people of a state, exercised through its legislature. Therefore, the legislature may enact any legislation the state constitution does not prohibit. Moreover, this Court has consistently held that legislative enactments are presumed valid and their constitutionality should be upheld when possible. Accordingly, as a result of this presumption, if a party wishes to challenge the constitutionality of a statute, the party must do so properly. We now consider the proper procedure for challenging the constitutionality of a statute.
>
> While there is no single procedure for attacking the constitutionality of a statute, it has long been held that the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized. This Court has expressed the challenger's burden as a three step analysis. First, a party must raise the unconstitutionality in the trial court; second, the unconstitutionality of a statute must be specially pleaded; and third, the grounds outlining the basis of unconstitutionality must be particularized. The purpose of these procedural rules is to afford interested parties sufficient time to brief and prepare arguments defending the constitutionality of the challenged statute. The opportunity to fully brief and argue the constitutional issues provides the trial court with thoughtful and complete arguments relating to the

issue of constitutionality and furnishes reviewing courts with an adequate record upon which to consider the constitutionality of the statute.

The final step of the analysis articulated above requires that the grounds outlining the basis of the unconstitutionality be particularized. This Court has thoroughly considered the standard for particularizing the constitutional grounds. The purpose of particularizing the constitutional grounds is so that the adjudicating court can analyze and interpret the language of the constitutional provision specified by the challenger. This basic principle dictates that the party challenging the constitutionality of a statute must cite to the specific provisions of the constitution which prohibits the action.

In addition to the three step analysis for challenging the constitutionality of a statute, the specific plea of unconstitutionality and the grounds therefor must be raised in a pleading.

Thus, in light of the foregoing jurisprudential rules, in order to properly confect a constitutional challenge, a party must raise the constitutional issue in the trial court by raising the unconstitutionality and the grounds outlining the basis of the alleged unconstitutionality in a pleading. With these principles in mind, we consider each step of the three part analysis separately under the circumstances presented by the matter before us.

Addressing the specifics of the *Hatton* defendant, the supreme court found that he satisfied the first two steps of the analysis by setting forth his constitutional challenge in his motion to quash filed in the trial court; and that he satisfied the third requirement (particularizing the grounds that are the basis of the unconstitutionality claim) as to two constitutional grounds, but that the trial court ruled the statute unconstitutional based on grounds not raised by him. Noting that the purpose of the three-step analysis is to give the parties an opportunity to brief and argue the constitutional grounds and to prepare an adequate record for review, the supreme court found that these purposes are not satisfied when a trial court relies on grounds not properly raised by the party challenging the constitutionality. *Id.*

Further, we note that this situation is similar to those instances in which a trial court *sua sponte* declares a statute unconstitutional when its unconstitutionality has not been placed at issue by one of the

10

> parties in a pleading. A judge's *sua sponte* declaration of unconstitutionality is a derogation of the strong presumption of constitutionality accorded legislative enactments. In the instant matter, the trial court's basis for its ruling was on constitutional grounds not before it and, similar to those instances in which a trial court *sua sponte* rules on a constitutional issue not raised by the parties, such ruling is improper.

*Id.* at 721 (citations omitted).

Finally, the supreme court in *Hatton* found that additional grounds raised by the defendant in a supplemental memorandum should not have been considered by the trial court since a memorandum does not constitute a pleading.

Subsequently, in *State v. Overstreet*, 12-1854 (La. 3/19/13), 111 So.3d 308, the supreme court discussed the *Hatton* three-step analysis and concluded that the defendant in that case failed to sufficiently particularize any basis for finding the statutes at issue unconstitutional. The defendant challenged the constitutionality of certain aspects of the Louisiana sex-offender registration statutes based on the argument that his underlying plea was not guilty by reason of insanity and, therefore, he was not a convicted sex offender. In raising his claim of unconstitutionality of the requirement that he register as a sex offender, and in attempting to particularize his claim, the defendant asserted that:

> [T]he provisions of R.S. 15:541(7) and R.S. 15:542, as applied, are unconstitutional and violate the United States Constitution, Fourteenth Amendment (Due Process of Law and Equal Protection of the Law) and also violate the Louisiana State Constitution, Article I, Sections 2, 3, 5, 20, and 24 (Due Process of Law, Equal Protection and Individual Dignity, Right to Privacy, Right to Humane Treatment and Other Unenumerated Rights).

*Id.* at 310.

The trial court found that the statutes unreasonably applied to persons who were found not guilty by reason of insanity and, therefore, violated the defendant's

11

rights to individual dignity and humane treatment under La.Const. art 1, §§ 2 and 20.

The state in *Overstreet* argued that the defendant insufficiently particularized the grounds of his constitutional claim by presenting no argument in his original motion and by providing only citations to constitutional provisions. The supreme court agreed:

> At best, respondent merely claimed the law was "arbitrary, capricious and makes no sense" because he was not convicted of a crime, but instead pled not guilty by reason of insanity. He seemed to be claiming an equal protection violation, but never explained the basis of that claimed violation. As a result of this lack of particularization, the state was afforded insufficient opportunity to brief and argue in response.

*Id*. at 316-17 (footnote omitted). Ultimately, the supreme court found that the trial court's ruling was based on constitutional grounds not properly raised by the defendant, and accordingly it reversed the trial court's decision. *Id.*

In the present case, the state asserts that like in *Hatton* and *Overstreet*, the trial court relied on grounds not particularized by the defendant in finding La.R.S. 14:30(A)(11) unconstitutionally vague as applied to the defendant. We agree.

The defendant's sole claim of unconstitutionality for vagueness is set forth in the first sentence of his motion to quash, which states that "[t]his statute is unconstitutionally vague and/or overbroad in violation of the defendant's constitutional right to due process under the law as guaranteed by the Fifth and Fourteenth Amendments, as well as jury trial guarantees of the Sixth Amendment to the United States' [sic] Constitution." Not only does this sentence not particularize the reasons for the constitutional argument of vagueness, but it does not even particularize which constitutional protection applies to which argument, vagueness versus over breadth. Additionally, while the defendant also asserts that

he sufficiently particularized the vagueness issue through aggressive argument at the hearing on the motion, we are reminded of the holding in *Hatton*, which held that the grounds for a constitutional attack on a statute must be raised in the motion to quash and cannot be raised for the first time in argument.

Because none of the grounds upon which the trial court relied to find La.R.S. 14:30(A)(11) unconstitutionally vague as applied to the defendant were particularized by the defendant in his motion to quash, the trial court erred in reaching the constitutional issue on those grounds. Thus, we find that the trial court erred in declaring La.R.S. 14:30(A)(11) unconstitutional as applied to the defendant for the reasons stated.

## DISPOSITION

For the foregoing reasons, we reverse the trial court judgment declaring La.R.S. 14:30(A)(11) unconstitutional as applied to Robert Lee Heard, Jr. and remand the matter to the trial court for further proceedings.

**REVERSED AND REMANDED.**