Judge Dale N. Atkins
In this criminal matter, the State of Louisiana appeals the district court's judgment declaring the sentencing statute in effect at the time of the alleged crime, La. R.S. 40:966(F)(1), unconstitutional as applied to defendant Gary Travis. For the reasons that follow, we reverse the judgment, vacate defendant's sentence, and remand for re-sentencing.
BACKGROUND
Gary Travis was charged in April 2016 with one count of possession with intent to distribute marijuana, a violation of La. R.S. 40:966(A)(1).[1] He pled not guilty at his arraignment, and after several continuances, the State amended the bill of information to charge defendant with one count of possession of marijuana between two and one-half pounds or more, but less than sixty pounds, in violation of La. R.S. 40:966(F)(1) (2015).[2] Trial was set for January 8, 2018. Defendant pled guilty and was sentenced to five years in the Department of Corrections, with five years suspended, plus two years and nine months of active probation. The trial court recognized the mandatory $ 10,000 fine imposed by La. R.S. 40:966(F)(1) (2015), but counsel for defendant asked the court to hear testimony from Mr. Travis so that the court could downward depart from the $ 10,000 fine in accordance with Bearden v. Georgia , 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983).
The trial court heard testimony from defendant, who stated that he worked for FEMA for three months ending in October or November 2017, but he had not worked for approximately five years before that time due to a car accident that resulted in *857 major back surgery. He lived with his fiancée but did not know how much she earned in her position as a Bridge Field Counselor for the State. Defendant explained that he did not have health insurance but saw a physician every two months as a result of his back surgery and paid $ 500 for each visit, plus additional money for medication. Defendant was also responsible for child support payments for his five children who do not live with him. His fiancée helped support the two children who lived with them; the fiancée also paid their eleven hundred dollars monthly rent.
After hearing defendant's testimony, the trial court issued a Judgment with Reasons on February 2, 2018, finding that the mandatory fine imposed by La. R.S. 40:966(F)(1) (2015) was unconstitutional as applied to Mr. Travis, but holding that the remaining sentence would be effective. The court indicated that the Attorney General should be notified of the court's ruling. See La. R.S. 49:257 (C).[3]
On February 28, 2018, the Attorney General filed a motion to vacate the trial court's February 2, 2018 ruling finding La. R.S. 40:966(F)(1) (2015) unconstitutional. The State also filed a motion to appeal the court's February 2 decision to the Louisiana Supreme Court.
On March 8, 2018, defendant filed a Motion to Declare Mandatory Fine Unconstitutional. In the Motion, defendant argued that the fine mandated by La. R.S. 40:966(F)(1) (2015) violated his procedural due process rights, citing Mathews v. Eldridge , 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976),[4] and argued that the fine was a "grossly disproportionate" penalty considering his indigent status.
The State and the Attorney General jointly opposed defendant's Motion. On March 27, 2018, the trial court vacated its February 2, 2018 ruling so that the Attorney General would have an opportunity to be heard.
After a hearing involving defendant, the State, and the Attorney General, the trial court issued a ruling on April 18, 2018, again finding that La. R.S. 40:966(F)(1) (2015) violated defendant's due process rights and was unconstitutional. The district court nevertheless recognized that this Court "has consistently remanded sentences in which a judge fails to impose a mandatory fine in which the defendant is indigent." (Citing State v. Lewis , 2013-1588, p. 23 (La. App. 4 Cir. 8/27/14), 147 So.3d 1251, 1264 ; State v. Williams , 2003-0302, pp. 3-4 (La. App. 4 Cir. 10/6/03), 859 So.2d 751, 753 ; and State v. Hall , 2002-1098, p. 6 (La. App. 4 Cir. 3/19/03), 843 So.2d 488, 494 ). The district court also determined that defendant presented a "persuasive argument" that his due process rights were being violated under *858 Mathews v. Eldridge , 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Finally, the court noted that even though the fine was a "future injury," the injury was "real, immediate, and direct." (citing Davis v. Fed. Election Comm'n , 554 U.S. 724, 734, 128 S.Ct. 2759, 2769, 171 L.Ed.2d 737 (2008) ).
On April 23, 2018, the Attorney General and the State timely filed a joint motion to appeal the district court's ruling.
JURISDICTION
Ordinarily a trial court's declaration that a Louisiana state statute is unconstitutional warrants direct appeal to the Louisiana Supreme Court. LA. CONST. Art. V, § 5 (D)(1); Vallo v. Gayle Oil Co., Inc. , 1994-1238 (La. 11/30/94), 646 So.2d 859, 860-61. Here, however, the district court did not rule that former La. R.S. 40:966(F)(1) is unconstitutional on its face; instead, the court ruled that the statute is unconstitutional as applied to this particular defendant. Thus, under State v. Heard , 2015-0873, p. 3 (La. App. 3 Cir. 4/6/16), 215 So.3d 825, 827, this appeal is properly before this Court. See also State v. Trosclair , 2011-2302, pp. 5-6 (La. 5/8/12), 89 So.3d 340, 344.
ASSIGNMENTS OF ERROR
The State raises three assignments of error on appeal: first, that defendant did not properly allege that La. R.S. 40:966(F)(1) (2015) is unconstitutional under Bearden v. Georgia , 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) ; second, even if defendant's Bearden argument were properly alleged, the defendant is not currently facing imprisonment for failure to pay the fine, because the fine was not imposed, thus, the challenge is premature; and third, the district court should not have ruled that La. R.S. 40:966(F)(1) (2015) is unconstitutional as a violation of defendant's procedural due process rights, because defendant is provided ample opportunity to challenge an excessive sentence, either through (i) a sentencing hearing; (ii) an excessive sentence hearing under La. C.Cr.P. art. 881.1, LA. CONST. art. I, § 20, and State v. Dorthey , 623 So.2d 1276 (La. 1993) ; or (iii) a possible probation revocation hearing under La. C.Cr. P. art. 900. We address the State's assignments of error below.
ANALYSIS
Assignment of Error Number 1
The State argues first that defendant did not properly allege that the statute is unconstitutional under Bearden . To address this assignment of error, we consider whether the constitutional issue was properly preserved. We address the State's argument regarding the applicability of Bearden in our discussion of Assignment of Error Number 2, below.
The unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized. State v. Hatton , 2007-2377, p. 14 (La. 7/1/08), 985 So.2d 709, 719. This "is so that the adjudicating court can analyze and interpret the language of the constitutional provision specified by the challenger." State v. Overstreet , 2012-1854, p. 10 (La. 3/19/13), 111 So.3d 308, 315. This Court has held that the grounds for a constitutional challenge must be particularized, but there is "absence of a formal procedure" for making such a challenge. Id. , 2012-1854 at 9, 111 So.3d at 314 ; State in the Interest of J.D. , 2013-0964, p. 3 (La. App. 4 Cir. 11/27/13), 129 So.3d 831, 833.
Here, the unconstitutionality of La. R.S. 40:966(F)(1) (2015) arose during sentencing on January 8, 2018, after defendant had pled guilty. At that time, defendant's constitutional challenge invoked Bearden .
*859 Defendant's subsequent written motion to declare the mandatory fine unconstitutional, filed March 8, 2018, did not cite Bearden but cited Mathews v. Eldridge and additional United States and Louisiana Constitutional provisions[5] to support the argument that defendant's procedural due process rights were being violated. Our review of the record reveals that defendant properly preserved his constitutional challenge, articulating sufficient reasons why he believes the statute imposing a mandatory fine is unconstitutional.
Assignment of Error Number 2
Next, the State contends that even if defendant properly challenged the constitutionality of the applicable statute, Bearden would not apply here because defendant is not facing mandatory jail time for failure to pay a fine-the district court never imposed the fine. In other words, defendant's challenge under Bearden is premature.
We agree that Bearden does not apply to these facts. In Bearden , the U.S. Supreme Court held that a sentencing court could not automatically revoke a defendant's probation for the defendant's inability to pay a fine without first determining whether defendant had made sufficient bona fide efforts to pay, or that adequate alternative forms of punishment did not exist. State v. Williams , 489 So.2d 286, 291 (La. App. 4th Cir. 1986) (citing Bearden , 461 U.S. at 672-73, 103 S.Ct. at 2073 ). "Only if alternate measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine." Bearden , 461 U.S. at 672-73, 103 S.Ct. at 2073.
Bearden does not prohibit the imposition of a fine on an indigent defendant; instead, Bearden prohibits the imposition of prison time (such as through revocation of probation) on an indigent defendant who has proven he is unable to pay a fine already imposed. Because no fine was included in defendant's sentence in this case, Bearden is not the proper vehicle for traversing the constitutionality of La. R.S. 40:966(F)(1) (2015).
Assignment of Error Number 3
Finally, the State argues that the trial court should not have ruled that the mandatory fine violates defendant's procedural due process rights because there are a number of due process protections available to defendant, including a sentencing hearing, an excessive sentence hearing, and a possible probation revocation hearing (as in Bearden ). We agree.
First, pursuant to La. C.Cr.P. art. 884, the defendant may assert during sentencing that a default prison sentence cannot be imposed if defendant is unable to pay a fine.[6] Second, once the court has included the mandatory fine in defendant's sentence, defendant can file a motion to reconsider *860 his sentence under La. C.Cr.P. art. 881.1. Third, if the State were to attempt to revoke defendant's probation for failure to pay the fine, defendant could then invoke Bearden .[7]
In addition to the fact that defendant has adequate remedies available after sentencing, we are bound by this Court's prior opinions in Lewis , 2013-1588, p. 23, 147 So.3d at 1264 ; Williams , 2003-0302, pp. 3-4, 859 So.2d at 753; and Hall , 2002-1098, p. 6, 843 So.2d at 494, as the district court's Judgment in this matter concedes.[8] For these reasons, we hold that the trial court erred in declaring La. R.S. 40:966(F)(1) (2015) unconstitutional as applied to defendant.
Lastly, although we recognize that the Legislature has enacted La. C.Cr.P. art. 875.1, which requires a court to determine whether payment of a mandatory fine "would cause substantial financial hardship to the defendant or his dependents" and, if so, permits the court to waive all or any portion of such financial obligations, that statute does not become effective until August 1, 2019, rendering it inapplicable here.
CONCLUSION
For the reasons stated above, we reverse the district court's judgment declaring La. R.S. 40:966(F)(1) (2015) unconstitutional, vacate the defendant's sentence, and remand for resentencing in compliance with the applicable statute.
JUDGMENT REVERSED; SENTENCE VACATED; REMANDED FOR RESENTENCING
LOBRANO, J., CONCURS IN THE RESULT.

La. R.S. 40:966(A)(1) provides:
A. Manufacture; distribution. Except as authorized by this Part, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance or controlled substance analogue classified in Schedule I[.]

The version of La. R.S. 40:966(F)(1) in effect at that time the crime was committed provided:
Any person who knowingly or intentionally possesses two and one-half pounds or more, but less than sixty pounds of marijuana ... shall be sentenced to serve a term of imprisonment with or without hard labor of not less than two years, nor more than ten years, and to pay a fine of not less than ten thousand dollars nor more than thirty thousand dollars.

La. R.S. 49:257 (C) provides:
Notwithstanding any other law to the contrary, the attorney general, at his discretion, shall represent or supervise the representation of the interests of the state in any action or proceeding in which the constitutionality of a state statute or of a resolution of the legislature is challenged or assailed.

Mathews establishes three factors for determining whether a procedure is unconstitutional:
[I]dentification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.
Mathews , 424 U.S. at 334-35, 96 S.Ct. at 903.

Defendant's motion stated that is was filed "pursuant to the Fourteenth Amendment to the United States Constitution; Article 1, §§ 2, 3, 4, 13, and 19 -22, and Article 2, §§ 1 and 2, of the Louisiana Constitution."

La. C.Cr.P. art. 884 provides:
If a sentence imposed includes a fine or costs, the sentence shall provide that in default of payment thereof the defendant shall be imprisoned for a specified period not to exceed one year; provided that where the maximum prison sentence which may be imposed as a penalty for a misdemeanor is six months or less, the total period of imprisonment upon conviction of the offense, including imprisonment for default in payment of a fine or costs, shall not exceed six months for that offense.

La. Const. art. I, § 20, and State v. Dorthey , 623 So.2d 1276 (La. 1993), also protect the defendant's procedural due process right against the imposition of an excessive sentence.

The State also points to State v. Major , 2003-0249 (La. App. 3 Cir. 3/2/05), 898 So.2d 548, 550, a case in which the court of appeal reversed the defendant's sentence after the district court had refused to impose the mandatory fine attached to cocaine possession charges. Although the defendant was indigent, the court of appeal found that the trial court, "even in light of its determination that Major was indigent, should have imposed the mandatory fine but without imposing default time under La. Code Crim. P. art. 884. The imposition of a fine without default time would at least allow the State to enforce collection of the fine in the same manner as a money judgment in a civil case." Id. at 551. See also State ex rel. Teat v. State , 576 So.2d 998 (La. 1991) (remanding to the trial court for a determination of indigence; if relator is indigent, trial court is ordered to delete that portion of the sentence providing for jail time in the event of a default of payment of the fine imposed). The Third Circuit's decision in Major is consistent with this Court's rulings in Lewis , Williams , and Hall , supra.